IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE WATSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-3434 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Robert Wayne Watson, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a state felony conviction for forgery of a commercial instrument. The respondent has moved for summary judgment on the ground that the petition was filed too late. (Docket Entry No. 7, pp. 1-2). Alternatively, the respondent argues that some of the claims are unexhausted and procedurally barred. (*Id.* at 2). The respondent has provided the court with a copy of the state court record. (Docket Entry Nos. 6 & 8). Watson filed a response to the summary judgment motion. (Docket Entry No. 9).

Based on the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.     Background**

A jury found Watson guilty of the felony offense of forgery of a commercial instrument. (Cause Number 923481). On April 10, 2003, the court sentenced Watson to a ten-year prison term.

The First Court of Appeals of Texas affirmed Watson's conviction on October 14, 2004. Watson did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

On November 12, 2004, Watson filed a state habeas application. On January 26, 2005, the Texas Court of Criminal Appeals dismissed the application because Watson's direct appeal was pending. *Ex parte Watson*, Application No. 15,507-05 at cover. Watson filed a second application for state habeas corpus relief on September 30, 2005. The Texas Court of Criminal Appeals denied that application without written order on June 14, 2006. *Ex parte Watson*, Application No. 15,507-06, Event ID-2239138 at cover.

On November 19, 2008, this court received Watson's federal habeas petition. The petition was filed when Watson gave it to the prison authorities for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Watson put his federal petition in the prison mail on the date he signed it, September 26, 2008. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998).

In this federal petition, Watson contends that his conviction is void because his trial counsel rendered ineffective assistance. Watson states that he was arrested on September 6, 2002 for forging a commercial document, a power of attorney. Watson's petition alleges the following background facts:

> Gloria D. Allen is Petitioner['s] godmother and known her all of his life. She called petitioner from the Harris County Psychiatric Center-UT in August 2002 to come and get her out after his sons had her admitted in hopes of having her declare[d] insane so they could be appointed over her affairs. (Mrs. Allen had a peace bonds against her sons for beating her and taking her money. She has been admitted several times by her son but never declared insane. The sons are on drugs).

> Petitioner spoke[ ] with the hospital supervisor, Mr. Mark, the same day by three-way on the telephone with all three of us on the phone together, and asked the reason why Mrs. Allen was admitted and demanded she be release[d]. Mr. Mark refused to release any information concerning Mrs. Allen['s] medical record until she signs a release form. Mrs. Allen walked to the nurse station [and] signed the required release listing petitioner as her godson and overseer on the form. We were told why she was admitted by her sons and that only the judge could release her.
>
> Mrs. Allen feared that if she ever be declared insane, her sons would sell all her property. She gave petitioner a signed Power of Attorney with instruction to add his name (with hers) to all of her personal and real property. She signed in front of a Black nurse, the only Black nurse on that ward. Mrs. Allen also instructed petitioner to pay the contractor who was adding a room on her house. Petitioner paid the contractor "Johnson's Remodeling Company" from her Bank Account and picked up her from the psychiatric hospital upon her release.
>
> Petitioner was arrested after attempting to withdraw 1,000 from Mrs. Allen Bank Account at Washington Mutual.
>
> The Bank Teller informed the first Houston Police Officer that arrived on the scene that Mrs. Allen told her that she "signed the Power of Attorney but not in front of a notary public." The first officer at the scene was a black male P. Chillis or R. Boykus. A female Black officer arrived minutes later.

On September 12, 2002, Patrick J. Ruzzo was appointed to represent Watson. In this petition, Watson alleges that he became concerned a few weeks before trial because Ruzzo had failed to interview people on a witness list Watson had provided. Watson complains that his counsel failed to interview the following potential witnesses:

(1) Mr. Mark, R.N., a nurse at the psychiatric hospital, who would have testified that Mrs. Allen listed Watson as her godson and that he was responsible for her affairs;

(2)     a black nurse at the hospital who would have testified that she saw Mrs. Allen sign a paper in Watson's presence;

(3)     the Houston police officer who arrived at the bank, who would have testified that Mrs. Allen said that she had signed a power of attorney naming Watson; and

(4)     Johnson's Remodeling Company, who would have testified that Watson had paid the company $3,000 for improvements on Mrs. Allen's home.

Watson also claims that Ruzzo failed to subpoena the following physical evidence:

(1)     the surveillance camera at the bank;

(2)     telephone records at a clinic and the psychiatric hospital;

(3)     bank records showing the withdrawal of $3,000 to pay for the house repair; and

(4)     the psychiatric hospital records of Mrs. Allen.

Watson alleges that on April 10, 2003, the day of his trial, he asked to represented himself. Watson alleges he did so because Ruzzo's performance was deficient. The court ordered Ruzzo to serve as standby counsel. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 1). Watson claims that he is innocent. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 3-6).

## II.    Analysis

The threshold issue is whether this petition was filed too late to permit this court to consider Watson's claims. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Watson's conviction became final when the time for filing a petition for discretionary review expired. The First Court of Appeals affirmed Watson's conviction on October 14, 2004, giving Watson thirty days, or until November 15, 2004,[1] to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Watson did not file a petition for discretionary review. Absent

---

[1] November 13, 2004 was a Saturday. Rule 6(a)(3) provides: "Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or–if the act to be done is filing a paper in court–a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible." FED. R. CIV. P. 6(a)(3).

tolling, the one-year limitations period ended on November 15, 2005. Watson filed this petition on September 26, 2008.

A properly filed application for state postconviction relief tolls, or extends, limitations. 28 U.S.C. § 2244(d)(2). Watson filed his first state habeas application on November 12, 2004. The Texas Court of Criminal Appeals dismissed it on January 26, 2005 because Watson's direct appeal was pending. *Ex parte Watson*, Application No. 15,507-05 at cover. Under Texas law, a state habeas application may not be filed until the judgment of conviction becomes final. *See* TEX. CRIM. PROC. CODE art 11.07 § 3(a). The Texas courts do not have "jurisdiction to consider an application for writ of habeas corpus under Art. 11.07 until the felony judgment from which relief is sought becomes final." *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 1994) (quoting *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)). A state habeas application filed during a direct appeal is not "properly filed" under Texas law and does not delay the federal limitations period. *Larry*, 361 F.3d at 895. Watson's first state application had no tolling effect on the federal limitations period because he filed it during his direct appeal.

Watson filed his second state habeas application on September 30, 2005. The Texas Court of Criminal Appeals denied the application on June 14, 2006. Watson's second state habeas application was pending for 257 days during the federal limitations period. The limitations period was extended 257 days, until July 30, 2006. Watson waited until September 26, 2008 before filing his federal petition.

Watson does not identify any additional grounds for tolling the federal limitations period and the record does not disclose any. Watson may not rely on his status as an unskilled layperson or as an inmate to excuse the delay in filing. Ignorance of the law and the lack of legal assistance for a

prisoner generally do not excuse late filing. *United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992) (neither a prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling when the alleged impediments to filing a federal petition were removed six months before the limitations period ended), *cert. denied,* 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.) (alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied,* 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process and lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007 (1999). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993). Watson's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Watson asserts that his actual innocence precludes the dismissal of this petition. (Docket Entry 9, Petitioner's Response, p. 1). A claim of actual innocence is relevant to the timeliness of a petition and may justify equitable tolling of the limitation period. *See Felder v. Johnson,* 204 F.3d at 171 (5th Cir. 2000). But a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson,* 204 F.3d

at 171; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002).

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d at 221. Watson offers a copy of a receipt showing that he paid Johnson's Remodeling Company $3,000. The receipt is dated September 3, 2002. (Docket Entry 9, Petitioner's Response, Ex. A, p. 1). Watson's trial began on April 8, 2003. (Reporter's Record, Vol. III, p. 1). Watson mentioned this receipt during his opening statement. (Reporter's Record, Vol. III, p. 17). The evidence Watson now seeks to introduce is not new evidence. Watson has not shown that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not submitted at trial. Because Watson has not carried his burden to show that equitable tolling is warranted, limitations bars his claim.

Watson does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Watson from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Watson's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Watson's claims relate to the April 10, 2003 trial, and Watson's own pleadings

show that he knew of the factual predicate of his claims when the trial occurred. 28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Watson's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

### III. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 7), is granted. Watson's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. Watson's motion for counsel, (Docket Entry No. 10), and motion for access to the law library, (Docket Entry No. 11), are denied as moot. All remaining pending motions are denied as moot.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. *United States v. Webster,* 392 F.3d 787, 791 (5th Cir. 2004); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds, a COA should not issue unless the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Watson has not met the requirement for issuing a COA.

SIGNED on October 27, 2009, at Houston, Texas.

                                                       Lee H. Rosenthal
                                                      United States District Judge